IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| TONY FOUNTAIN, #152 157 | * |
|     Plaintiff, | * |
|     v. | *    2:06-CV-548-MHT |
| |     (WO) |
| DR. PEASANT, *et al.*, | * |
|     Defendants. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the court is Plaintiff's request for emergency injunctive relief which the court construes as a motion for preliminary injunction. (Doc. No. 1.) Plaintiff seeks a preliminary injunction prohibiting Defendants from failing to provide him with adequate medical care. Upon consideration of Plaintiff's motion for preliminary injunction, the court concludes that the motion is due to be denied.

**DISCUSSION**

A preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion as to **all** prerequisites. *United States v. Jefferson County*, 720 F.2d 1511 (11th Cir. 1983). The four prerequisites which a movant must satisfy are as follows: (1) a substantial likelihood that the movant will ultimately prevail on the merits, (2) a showing that the movant will suffer irreparable injury unless the injunction issues, (3) proof that the threatened injury to the movant outweighs the

damage the proposed injunction may cause the opposing party, and (4) a showing that the injunction, if issued, will not be adverse to or harm the public interests. *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). The court has carefully reviewed Plaintiff's motion and concludes that Plaintiff has failed to demonstrate that he meets each of the prerequisites for the issuance of a preliminary injunction.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's motion for a preliminary injunction (Doc. No. 1) be DENIED; and

2. This case be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before July 11, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    DONE, this 28th day of June, 2006.

                                       /s/ Susan Russ Walker
                                       SUSAN RUSS WALKER
                                       UNITED STATES MAGISTRATE JUDGE