IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

TONY FOUNTAIN, #152 157        *

    Plaintiff,            *

    v.                    *       2:06-CV-548-MHT

DR. PEASANT, *et al.*,         *

    Defendants.           *

_____

**O R D E R**

Plaintiff filed the above-captioned action on June 20, 2006. Along with his complaint, Plaintiff submitted an *Application of Hardship* which the court construes as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. No. 2.) In this motion, signed by Plaintiff under penalty of perjury, Plaintiff requests that he be allowed to proceed in this matter without being required to "pre-pay fee[s], costs, or give security therefore" due to his poverty. (*Id.*) He maintains that his responses in the motion are true, including his statement that, at the time he filed his motion, he had the sum of $24.71 in his P.M.O.D. account. (*Id.*)

Because Plaintiff's request for leave to proceed *in forma pauperis* was not accompanied by an inmate account statement, in accordance with the fee provisions of 28 U.S.C. § 1915(b)(1), the court ordered Plaintiff to submit an inmate account statement reflecting the average monthly balance in his prison account and the average monthly

deposits to his account for the 6-month period immediately preceding the filing of this complaint. (*See* Doc. No. 3.) Plaintiff complied with this order by filing the requisite inmate account statement on June 27, 2006. (*See* Doc. No. 5.)

A review of Plaintiff's P.M.O.D. statement reflects that, as of June 23, 2006, he had an average daily balance of $2,483.03, and that he had even more than that sum of money as an average daily balance for the past year, including an average daily balance of $12,590.93 in June 2005. It appears to the court that the plaintiff may have intentionally misrepresented his financial ability in an effort to avoid payment of court filing fees. Accordingly, it is

ORDERED that on or before July 12, 2006 Plaintiff shall SHOW CAUSE why his case should not be dismissed under 28 U.S.C § 1915(e)(2)(A) (providing that the court "shall" dismiss an action if an IFP petitioner's allegation of poverty is untrue) and/or why criminal sanctions should not be imposed for his false statements made under penalty of perjury. *See* 18 U.S.C. §1623.

DONE, this 5th day of July, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE