IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Tony Fountain #152157
  Plaintiff,

Case No: 2:06-CV-548-MHT

Vs.

Dr. Peasant, et, al,
  Defendants.

### IN OPPOSITION TO THE MAGISTRATE RECOMMENDATION OF JUNE 28, 2006 AND THE COURT ORDER OF July 5th 2006

Comes now, Tony Fountain, by and through himself hereby "objects" to The Magistrate Recommendation of June 28, 2006, and The Court Order of July 5th 2006. Plaintiff asserts the following facts in support of (t)his Motion of Opposition to wit:

### Court Jurisdiction

1) Plaintiff contends the Court was without jurisdiction to Recommend his claims to be denied. And that his Motion to proceed in Forma Pauperis was never ruled on and has yet to be denied or Granted (waiving filing fee's) as of this date. Ex-Parte-St. John 805 So.2d. 684 (Ala. 2001), Taylor v. Gibson 529 F.2d. 700 at 711 N.1 (1976).

In other words the Granting and Waiving of the initial Filing Fee's Confer's Jurisdiction upon the Court to act, Ex parte, St. John Supra, and any action taken prior to such Ruling is avoid. Plaintiff, Stress the facts that his motion to proceed in forma pauperis status was being held in abeyance because it was not accompanied by an inmate account statement according to 28 U.S.C. 1515(b)(1). The Magistrate order of June 22nd 2006, ordered the plaintiff to submit an inmate account statement on or before July 11th 2006 or his action/case would be dismissed.

Plaintiff, Contends that he attempting to comply with the court order of June 22nd 2006, by Requesting a P.M.O.d. account print-out from the prisons business office, and after Receiving the print-out on the 6-27-06. He notice that his Avg. Daily Balance was not correct therefore plaintiff Requested an Itemization of his P.M.O.d account (see, Exhibit-A). However, Ms. Baxley the business manage Responded to my second Request For an Itemization on 7-3-06 the first she stated "they did not do Itemization without a Reason for it and asked the plaintiff his Reason for one" the second time she Responded was on 7-3-06 stating that "Daily Average Balance does not equal an Actual Balance" (see Ex-

-hibit-A). Plaintiff points out the facts that he has yet to submit an inmate account statement as of this date, because he was never given a full opportunity to submit his Inmate account statement in according the court order of June 22nd 2006. When he in facts was trying to find-out why the print-out stated one thing and he knew another. While trying (waiting) to get some type of confirmations as to his P.M.O.d account on June 28th 2006 Plaintiff prepared a Motion for Good cause and any attempt to withdraw his motion to proceed in forma pauperis. And maded out a Request slip Requesting the business office to withdraw $250 dollars from his P.M.O.d account and send it to the Clerk. (See attached Exhibit-B) In which he was in the process of submitting to the business office along with a addressed stamped Envelope.

On June 29th 2006, he Received a Recommendation from the Magistrate Judge Recommending his petition for an Emergency injunction be denied, prior to him Submiting his Motion for Good cause and Request (Exhibit-B). Plaintiff at that time felt it would be useless to pay $250 dollars when the Judge had maded up her mind to deny his petition.

-3-

Therefore, plaintiff contends that he was never even given the opportunity to comply with the court order of June 22nd 2006, before the Recommendation was submitted on June 28 2006. On July 6th 2006 the plaintiff received another court order threatening him with sanctions for inadvertently omitting ".32" cent from his hardship affidavit.

2). Plaintiff stress the point that he did not intentionally/deliberately try to mislead this court, on the day he signed his affidavit of hardship he had a sum of 24.71.32 in his P.M.O.d. account on June 15 2006. And that in his haste to comply with the prisons officials order "that all inmates report back to theirs assigned living area for Count" (Lockdown), that he inadvertently omitted the cent sum of ".32" from his affidavit of hardship. (See Exhibit-C). A canteen receipt that was given him on June 14 2006 the day before his signing his hardship affidavit on June 15 2006 which omitted ".32" cent from the amount of $24.71. Plaintiff contends that he did not deliberately omitted the cent sum from his affidavit on purpose to mislead this court; but was in his haste to comply with the notary public order to hurry-up we got to count.

-4-

Plaintiff further contends, that the Magistrate Judge stated in her order of July 5th 2006 that "Plaintiff complied with this order (see Doc. #3) by filing the requisite inmate account statement on June 27, 2006 (see Doc. #5)." Plaintiff vehemently denys ever filing his inmate account statement on June 27, 2006, someone else other than him most have submitted his p.m.o.d statement. And that he don't have no idea what Doc. #5 contains in which the Magistrate relied upon to issue her order of July 5th 2006. In which the Magistrate stated "A review of plaintiff p.m.o.d. statement reflects that as of June 23, 2006 he had an average daily balance ~~for the past year, including an average~~ of $2,483.03, and that he had even more than that sum of money as an average daily balance of $12,590.93 in June 2005". In which plaintiff vehemently denys ever having an average daily balance of $12,590.93 and contends he never had that type of money in his account on June 2005 or at any other time. Plaintiff, stress the point that Exhibit-A, will substantiate his contention in which Ms. Baxley the business manager stated that "Daily average balance does not equal an actual balance" (see Exhibit-A).

- 5 -

Therefore, whoever the source that gave the Magistrate Judge the erroneous informations that in 2005 my daily average balance was $12,590.93 gave misleading information and they to should be threaten with sanction and their identity revealed. (18 U.S.C. 1623) Moreover, plaintiff maintain that his Motion to proceed in forma pauperis was never granted and waiving the initial Filing Fee's, nor denied prior to the Magistrate recommendation of June 28th 2006 or her order of July 5th 2006. Which would have Confered the Courts Jurisdiction to act accordingly. <u>Exparte St. John</u> 805 So. 2d. 684 (Ala. 2001).

<u>In opposition To Magistrate Recommendation of June 28, 2006</u>

3). Plaintiff contends the Court Erred in Recommending that his petition for an Emergency Injunction be denied because it didn't meet the four (4) prerequisites in granting a preliminary Injunction. Plaintiff did meet the first prerequisite of granting a pliminary Injunction such as _ _ _ _

-6-

Plaintiff hereby "Objects" to the Magistrate Recommending that the plaintiff petition be denied for failure to meet the four (4) prerequisite of a preliminary injunction. Plaintiff contends had his pro se complaint been readed in a liberal fashion it would have alerted the juridical minds of the denial of medical care in diagnosing and treating his symptons. Hines V. Kerner, 1972, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d. 656. First plaintiff points to the first prerequisite (1) a substantial likelihood that the movant will ultimately prevail on the merist. Plaintiff stress the point that his initial complaint was accompanied by an affidavit in support of his allegations/claims of expriencing symptons that is commonly associated with prostake cancer and colon cancers a deadly life threaten disease more prevalent in men's 40-65. And that early detection can lead to treatment and cure, when he first notice spots of blood in my stool doing February 20 2006. These symptons have gotten worst since then and have gone from spots to seeing clots of individual blood after defecating. And the prison health care provider in house Doctor peasant confirmed that plaintiff

-7-

was in fact experiencing Bleeding after a prostate Examination on March 21, 2006. And on June 6 2006, Dr. Peasant informed the plaintiff that his symptons had gotten worse. And that his June 6, 2006 Report would speed things up and would aid his earily Request for me to be taken out for a Colon--ostic Examine. Dr. Peasant further stated there nothing else I can do without the test Results of a Colonostic test. The Supreme Court in the case of <u>Estelle v. Gamble</u> had note that an inmate must Rely on the prison authority to treat his medical needs, if the authority fails to provide for those needs then they will not be met. Fountian like free individual has health needs; however at least two features distinguish the provision of health care to inmate fountain. First of All Fountain can not provide for his own medical care do to his Confinement to the state prison. <u>Estelle</u>, supra. plaintiff stress the facts that the symptons he has been compl--ainting about for the last 4 months or so has taken both a mental and physical toll on him.

unable to get sleep awaking all through the nights after nights due to the mental stress and bad dreams (nightmares), and most the time unable to use the toilet without experiencing pain and fear of bleeding after defecating. The defendants has not taken any steps toward seeing to it that Fountain be taken out to a specialist capable of diagnosing and treating the symptoms plaintiff have been complainting about, And the failure to do so violates Plaintiff Rights at 8th & 14 Amendment to the United States. Ancata v. Prison Health Service, Inc  769 F.2d. 700, 704 (11th Cir. 1985).

The same thing applys to his Eye Care Complaint which the defendants has out-right refused to provide Fountain with access to the prison Eye doctor. Newman v. State of Ala. 349 F.Supp.278, 287 (M.D. Ala. 1975) aff'd in parts 503 F.2d. 1320 (5th Cir. 1975). Had the Magistrate Judge readed my inital complaint in liberal fashion, she wouldn't be blaming plaintiff from inadvertently omitting the cents sum of ".32" from his affidavit of hardship, part of was do to him not being able to see that well without glasses. Estelle. Supra. United v. Jefferson County 720 F.2d.1511.

9

Second factor of prerequisite, (2) a substantial threat that plaintiff will suffer irreparable injury. Plaintiff contends the Magistrate Judge didn't read his initial complaint in a liberal fashion, <u>Hainse v. Kerner</u> has she, the plaintiff complaints about not being able to read law books, because the defendants were denying him access to the prison Eye doctor. <u>Newman v. State of Ala</u>, supra And that he have been unable to do the necessary legal in pursue of pending legal action, was a direct violation of his First Amendment right to petitioned the government for redress. And if he's not provide Eye-ware he can lose his Eyesight or even damage it more. <u>Elrod v. Burns</u> 427 US 347

third factor of the prerequisite (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party. Plaintiff, contend the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party, was spelled out in his original complaint <u>Canal Authority of State of Fla v. Callaway</u>. 489 F.2d. 567.

10

4 factor of the prerequisite (4) the public interest will not be harmed if the injunction should issue. Plaintiff also contends that when the public know it criminal justice system imprison a man for a crime, that it in theirs interest that he provided with the same medical that any human woul want for himself and a familys members that might subjective it prison system altogether. <u>Cate V. Oldham 707 F.2d. 1176 (1983)</u>, because the state prison and socity integreity is a stake when prison are made to go without the basic health care afforded to freed individual. <u>Estelle</u> supra.

Done on this 8th day of July 2006

*[signature]*

CERTIFICATE OF SERVICES

I, hereby certify that I have served a true and correct copy of the foregoing upon the Office of the Attorney General 11 South Union St. Montg. Al. 36130, by placing the same in U.S. mail on this 8th day of July 2006.

Sincerely

*[signature]*