IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Tony Fountain #152157
    Plaintiff,
                                    Case No: 2:06-CV-548-MHT

VS.

Dr. Peasant, et, al,
    Defendants.


MOTION TO RECANT PURSANT
TO 18 U.S.C. 1623(d), AND TO STATE
THE TRUTH OF THE MATTER AT TIME
OF FILING

Comes now, Tony Fountain, by and through himself herein, Moves the Court to "accept" his Recantation of the sum of $24.71 in his Affidavit of hardship, Pursuant to 18 U.S.C. 1623(d), and the truth of the matter at the time of filing. Plaintiff asserts the following facts in support of (t)his Motion to wit:

   1). Plaintiff contends that his first thought after Receiving this Court order of July 14 2006 and Reviewing his inital filing was "Oh My God, I

See now what the Magistrate was trying to get me to see all along, in her order of July 5th 2006. plaintiff stress the facts that he did Mis-quoted his P.M.O.D. Account sum of being $24.71, not only did I inadvertently omitted ".32" From this sum I placed my peiord/commons in the wrong place Mistakely. Instead of it being wrote out as $24.71.32 it should have been wrote out as $2,471.32 or $2471.32. plaintiff contends out of the whole time he didn't catch this Mistake until July 19 2006 after borrowing another inmate glasses.

2). plaintiff points back to his original filing (his complaint), thats one of his claims were about his Eye-sight going bad. And that this Honest Mistake was a prime example of the urgency of his petition for an Emergency injunction, in-Reference to him been denied adequate Medical treatment. <u>Estelle v. Gamble</u> 429 U.S. 251. To the point that plaintiff had to borrow another inmate glasses inorder to be able to Read what he had wrote and to be able to catch the

-2-

Mistake he maded in his affidavit of hardship. Plaintiff contends the inadequate medical treatment that he's received from the defendants is what prompted him to seek an injunction in the first place.

3). And the facts that he has a Right pursuant to 18 U.S.C. 1623 (d), to Correct any false statement maded by him in a Court. Plaintiff stress the facts that on June 15th 2006 the date he signed his affidavit of hardship he had a sum of $2,471.32 in his P.M.O.d. account. And that his Exhibit-C was a Canteen Receipts that he received after purchasing a few items from the prison canteen on June 14 2006. A day before which was on a wednesday, he turned over his legal papers to the prison authoritys (original petition for an Emergency injunction & affidavit of hardship) for the purpose of mailing on June 15 2006 which was that thursday. <u>Huston v. Lack</u> 101 L.Ed.2d. 245 And at that time to the best of his knowledge he only had a total

of $2471.32 in his p.m.o.d. account and not $2,483.03 as were mentioned by the Magistrate in her order of July 5th & 14th 2006. See United States v. Morelli (1973, S.D. Ohio) 373 F. Supp. 458

4). Furthermore, plaintiff contends the defendant's and theirs agents working in direct concert with them, who was the source of the court document (Doc. No. 5) made reference to by the Magistrate in her order of July 5th & 14th 2006 was an attempt to mislead the plaintiff and this Honorable Court. In-order to substantiate this the plaintiff submits a copy of the print-out of his p.m.o.d. account along with his request for such on June 26, 2006. That was returned to him from the prison business office during the afternoon hours of June 26, 2006 marked as his Exhibit-E. Plaintiff stress the fact that his Exhibit-E is not the exact same document that was submitted to the court by some unknown source marked as this court document Doc. No. 5. Other than the plaintiff. The document (p.m.o.d. account-print-out) returned to plaintiff by the prison

-4-

business office in response to his request of June 26 2006 requesting such informations shows on June 4 2005 plaintiff average daily balance was $22,006.70, the court document (Doc. No. 5) submitted by an unknown source shows June 7 2005 plaintiff had an average daily balance of $12,590.93. Now by reasons and logic someone deliberately misrepresented my P.M.O.d account, point being that in a three (3) days period from June 4 to June 7 2005. Plaintiff average daily balance jumped from $22,006.70 to an average daily balance of $12,590.93 just in three (3) days. Again plaintiff points out the facts that the court document submitted by an unknown source other than plaintiff (Doc. No. 5) also shows June 23 2006 plaintiff average daily balance of $2,483.03, and the print-out returned to the plaintiff from the prison business office marked as his Exhibit-E in response to his request shows his average daily balance was $2,474.79 and it also shows a three (3) days different between the Court Document (Doc. No. 5) submitted by an unknown source and in the one returned to the plaintiff by

-5-

prison business office during afternoon hours of June 26 2006 in response to his request. (plaintiff, Exhibit-E). In other words the plaintiff contends the different between those two print-out point back and substantiate the response of the business Manager Ms. Baxley, in the plaintiff Exhibit-A. That states "Daily average balance does not equal an actual Balance." Therefore this some what substantiates my contentions that on June 15 2006, I did not and couldn't have had a total sum of $2,483.03 in my P.M.O.d. account. Nor did I ever had in my P.M.O.d. account the sum of $12,590.93 at no point in time since my incarceration have I had that type of money. plaintiff, propose the question to court "Why the document (Doc. No. -5) Submitted to this court by an unknown source is not the same as the one returned from the prison business office to plaintiff not one and the same?" Again plaintiff apologize to the court for mistakely placing the sum of $124.71 in his affidavit of hardship, and that it was not did intentionly to mislead this court.

6

Wherefore, plaintiff prays that (t)his Motion of Recantation and the truth of the matter at the time of filing be accepted by the court as law and justice requires.

Done this 21th day of July 2006.

Tony Fountain, Pro Se

## CERTIFICATE OF SERVICES

I hereby, certify, that I have served a true and correct copy of the same as addressed: Office of The Attorney General 11th South Union Street, Montgomery, Al. 36130 by placing the same in the U.S. Mail on this 21th day of July 2006.

Sincerely