IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

Tony Fountain #152157
    Plaintiff,

vs.                              Case No: 2:06-CV-548-MHT

Dr. Peasant, et, al,
    Defendants.

## IN OPPOSITION TO MAGISTRATE JUDGE RECOMMENDATION OF July 21 2006

Comes now, Tony Fountain, by and through himself herein "objects" to the Magistrate Judge Recommendation of July 21 2006. And asserts the following facts in support for (2) his "objection" to wit:

1). Plaintiff, contends that his motion to Release the State of Alabama as named defendants, was misinterpreted by Magistrate Judge as a request to dismiss his complaint altogether. When in fact he only wanted the court to Release the State of Alabama named specifically

as defendants to the Action only; But he maintained his arguments in his original Complaint and in conjunction with it his Motion of opposition to the Magistrate Judge Recommendation of June 28, 2006 and the one of July 21 2006.

2). Plaintiff, further stress the facts that he was not seeking monetary damage, only prospective injunction.

3). And that his Complaint were silent as to whether he was suing the name defendants in their official capacity or Individual capacity. Plaintiff contends this silent of the records before this Court shouldn't be held against him. However it's has been held that a Complaint failure to specify that Claims against state officials are asserted against them in theirs Individual capacity does not Justify an outright dismissal on Eleventh amendments grounds. Kentucky v. Graham 473 US 159, 167 N.14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Plaintiff further contends that in many cases the complaint itself will not clearly specify whether officials are sued personally, in their official capacity or both. Kentucky supra. And the fact that the course of

proceeding in such case typically will indicate the nature of the liability sought to be imposed. Thus early dismissal of a plaintiff claims is inappropriate unless it appears "beyond doubt" that plaintiff can prove no set of facts that would justify holding a state actor liable in his individual capacity. Conley v. Gibson 355 US 41, 45-46, 78 S.Ct. 59, 2 L.Ed.2d. 80 (1957). The aforesaid facts are and rule is of particular relevance in a case where the plaintiff proceeds pro se. Mitchell v. Keane 974 F.Supp. 332, at 338 (S.D. N.Y. 1997)

4). Plaintiff stress the facts that the Magistrate Judge miss-applied Will v. Michigan Dep't. of State Police 491 U.S 58, at 66 and Papasan v. Allain 428 U.S. 265 to his case in her recommendation of July 21 2006. In which the aforementioned case law only applys when a plaintiff is seeking monetary damage from a state or it actors. Pennhurst State School & Hosp. V. Halderman 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d. 67 (1984). Plaintiff again points out the facts that no where in his initial filing or any where else in his case does he seeks monetary damage against the defendants, that would allow

-3-

the named defendants to plead/use the Eleventh Amendment immunity defense in the case at the bar of this court, nor is it clear from the reading of his filing he's suing them in theirs official capacity or individual capacity. Pennhurst supra. And the facts that a state official in his official capacity is not protected by the Eleventh Amendment if a plaintiff is seeking prospective injunction relief instead of monetary relief. Duke V. State Univ. of N.Y. 900 F.2d. 587, 595 (2d. Cir. 1990). In other words plaintiff contends, the doctrine of immunity under the Eleventh Amendment only permits suits for prospective injunction relief against a state officers alleged to have acted in violation of the federal law. The state official may be liable even when the state is otherwise immuned from suit. Ex-Part Young 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed 714 (1908).

5). Plaintiff contends the defendants have violated his eight (8th) Amendment Right to the United States Constitution that were clearly established at the time. Estelle v. Gamble 50 L.Ed. 2d. 251

which were maded applicable to the States through the fourteenth (14th) Amendment to the United States Constitution. Plaintiff complaint were and is silent as to whether he was suing the defendants in theirs official capacity or Individual capacity. Conley. Supra.

6). Moreover, Plaintiff stress the facts that the named defendants knew or should have known theirs action of denying and depriving Plaintiff of diagnosis/treatment of his symptom of seeing spots of Blood in his stool, that has progressed to Clots of Blood after defecating Violated Clearly established Constitutional Rights of the Plaintiff. Estelle Supra. Plaintiff stress the point that the State Circuit Courts has also recognized and supports the existence of the Rights in question, Fountain V. State 648 So. 2d. 591, and that these defendants knew theirs action was unlawful. Estelle Supra. at the time.

-5-

Wherefore, plaintiff, prays that this Court accept and sustain this "Objection" as law and justice requires.

Done this 28th day of July 2006.

*Tony Fountain*, PRO SE

## CERTIFICATE OF SERVICES

I, hereby, Certify, that I have served a true and correct copy of the foregoing upon the Office of the Attorney General, 11th South Union Street, Montgomery, Al. 36130 by placing the same in the U.S. Mail (Certified Mail) on this 28th day of July 2006.

Sincerely