IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Tony Fountain #152157
Plaintiff,

Case No: 2:06-CV-548-MHT

VS.

Dr. Peasant, et. al,
Defendants.

## IN OPPOSITION TO THE MAGISTRATE JUDGE RECOMMENDATION OF AUGUST 16, 2006

Comes now, Tony Fountain, by and through him-self here-in "Objects" to the Magistrate Judge Recommendation of August 16 2006. And issues the following facts in support of (t)his Object-ion to wit:

1). Plaintiff contends that he filed a Com-plaint styled as petition for an Emergency Injunction on June 16, 2006, Requesting that the Court issue an order, directing the defendant to cease in denying him

adequate medical treatment. Such as failure to diagnose and treat plaintiff serious symptoms of seeing blood in his stool after defecating. And prior to service of process a Magistrate Judge one Susan Russ Walker heard and determined his motion for an Emergency injunction on June 28 to July 21 2006. Plaintiff asserts the facts that a Magistrate Judge does not have authority to hear and determine a motion for injunction relief, in which she did, and it was in a direct violation of 28 U.S.C.S. § 636 (b)(1)(A) that read in pertinent parts to wit:

"A Judge may designate a Magistrate [Magistrate Judge] to hear and determine any pretrial matter pending before the Court, except a motion for injunction Relief" [28 U.S.C.S 636 (b)(1)(A)]

And that it had been explicitly laid out in the aforementioned statute and the following case citing in United Steelworkers of America v. Bishop (1979, CA5 Ala) 598 F.2d. 408, 101 BNA LRRM 2799, 86 CCH LC § 11420, also Reynaga v. Cammisa

-2-

(1992 CA9 CAl) 971 F.2d. 414, 92 C0os 6728, 92 Daily Journal DAR 10764. Plaintiff stress the facts that he's also filing in conjunction with this Objection a Rule 60(b) Motion into Court Requesting the Court to vacate it's order adopting the Magistrate Judge Recommendation of August 16 2006.

2). Plaintiff further "objects" to Magistrate Judge Recommendation of applying Pennhurst to his case. Pennhurst was argued on October 3, 1983, and decided on January 23, 1984 which was in direct conflict with the landmark case of Exparte Young 209 US 123. And that it is held that immunities applys only to suit for damage and do not applys to claims for "Declaratory and Injunction" Relief. Pulliam v. Allen 466 US 522. In Pulliam was argued on November 2, 1983 and decision handed down on May 14, 1984 some months after Pennhurst. The Court in Pulliam held that "judges can be sued for an injunction and attorney fees for a prevailing plaintiff. In other words the policy reason for this is

-3-

Straightforward; if a plaintiff in a section 1983 case can prove an ongoing violation of Constitutional Rights, Federal Courts will issue an injunction to stop the ongoing violation no matter who is responsible for it. This much is different in the eyes of a court than a claim for damage which looks backward to a violation that has already been completed and also involves the payment of money damages. Plaintiff points out the facts that even Pennhurst that court recognized that if a plaintiff sues a state official alleging a violation of Federal law, the Federal Court may award an injunction that governs the official future conduct, but not one that awards retroactive money relief. Pennhurst at 79-80 N. 15 supra. And that he was seeking prospective injunction relief against the defendants who was and still is violating his federal Constitutional Right to be provided with the minimally adequate medical care that is guaranteed by the first, eighth, and fourteenth amendment to the U.S. Constitution. Plaintiff contends that Pennhurst is in direct conflict with Pulliam which was decided months after Pennhurst. It is well

4

settled law that the State government possess a Constitutional obligation to provide minimally adequate medical care to those to whom they punishing by incarceration. <u>Harris V. Thigpen</u> 941 F.2d. 1495, 1504 (11th Cir. 1991). If minimally adequate medical care is not provided, a plaintiff has established an Eight amendment Violation, by proving the defendants acted with deliberately Indifferent toward plaintiff serious medical needs. plaintiff stress the point that he Exhausted all of his administrative Remedy when he filed/submitted his medical Complaint to medical providers and his Complaint to warden Forniss. All of whom did not take the necessary steps to send the plaintiff outside of the prison walls to someone who was capable of diagnosing and treating the symptoms plaintiff is experiencing. As such duty was imputed to them by the U.S. Constitution at 1st, 8th and 14th amendment.

3). plaintiff further contends that the Court shouldn't have decided his motion for an Emergency

-5-

injunction on a silent record, and the immunity issue concerning the D.O.C. defendants. It should have ordered the defendant (D.O.C) to response to plaintiff allegations, and had them to plead the defense of qualified immunity in theirs answer to the complaint or a motion to dismiss. Gomez v. Toledo 446 US 635 (1980). Plaintiff stress the point that the law of providing prisons [do to theirs incarceration] was clearly established when the defendants failed to diagnose and treat plaintiff symptoms of seeing blood in his stool after defecating. Estelle v. Gamble 429 US 97. And the defense of qualified immunity (absolute) only applies for damage; if injunction relief is sought then the defense does not apply. see Wood v. Strickland 420 US 308 at 314. footnote 6 (1975).

Wherefore, plaintiff, prays that (t)his objection be in all regards sustained as law and justice requires.

Done on 25th day of August 2006.

Clony Fountain