IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Tony Fountain #152187,
  Plaintiff,

VS.                                   Civil Action No: 2:06-CV-548-M.H.T

Dr. Peasant, et al,
  Defendants.

## LEAVE TO AMEND THE PLAINTIFF ORIGINAL COMPLAINT, AND/OR IN THE ALTERNATIVE MOTION TO AMEND, PURSUANT TO RULE 15(C)(3) Fed.R.Civ.P.

Comes now, Tony Fountain, by and through himself hereby moves this Honorable Court to "Amend his original complaint Relating back to the initial filing pursuant to Rule 15(C)(3), Fed.R.Civ.P.. Plaintiff asserts the following facts in support of (t)his motion to wit:

1). Plaintiff contends this action is brought by an incarcerated person, in the form of a 42 U.S.C. 1983, in which acts within it was in violations of, 42 U.S.C. § 1985, § 1986, § 1987, § 1988, § 1997 and 29 U.S.C. § 794 2nd

§ 121, 131 et. seq.. And that this Court has jurisdiction over plaintiff claims pursuant to 28 U.S.C § 1331, 1343, Rule 52 Fed. R. Civ. P., and pursuant to the United States Constitution at 1st, 7th, 8th and 14th Amendment to the U.S. Constitution And Article I, § 10 & 15 of the Constitional of the State of Alabama of 1901.

2). This Court is authorized to Grant Declaratory and Injunction Relief under 28 U.S.C. § 2201 and 2202,

3). The Middle District of Alabama is an appropriate venue for this action under 28 U.S.C. § 1391 (b) (2), because a "substantial part of the events or omissions giving Raise to these Claims occurred in this district, and one or more of the defendants live in this district.

4). Plaintiff, demands a trial by Jury in this action.

## Relief Sought

5). Plaintiff, seeks Delaratory and injunction Relief, as well as monetary damage in the sum of $150,000 from each individual named defendants parties to the action. And any and all others Relief that the Court finds, Just, necessary and apparoriate.

6). Plaintiff, moves this court in amending this action as the afore said jurisdictions, venue, Demand for Jury trial and Relief Sought. And to amend the followings defendants, one Dr. Corbier and Dr. Sylvia McQueen, director over the day to day operation of the private company (Prison Health Services, Inc.). Plaintiff stress the facts that Dr. Peasnant is no longer assigned to Staton Prison, and that Dr. Corbier has been acting as his physician for the pass two months or so.

7). Dr. Corbier Informed me that (after reviewing my medical file) they was just waiting for his superior Ms. McQueen to approve Dr. Peasnant Recommendation. Such as taking me out to a free-world specialist capable of diagnosing and treating my symptoms

-3-

of seeing individual clots of Blood after defeciate. During this constant waiting period I was instructed by Dr. Peasnant and Dr. Corbier at no time, no matter what don't take any medication that contain aspirins ingredients or aspirins, because it might increace the bleeding I'am complainting of. And since then I have been suffering with chronic migranines headaches and occaisons bad toothache. Plaintiff, further point out the facts that he have been summoned to the health care unit by doctor Corbier in which Dr. Corbier stated that I have been approved for another test that is required before a colonostic examine. That involve me drinking a liquid solution that would allow the doctors to see my insides. Again on September 21st, 2006 I was summoned to the health care unit and was told (Dr. Corbier) that something happened to derailed my appointment of being taken out for a colon examine. And that as of 10-21-06 everything have gotten back on track. Plaintiff, contends that the september 21st 2006 visit to the health care unit was a direct result of the plaintiff verbal complaint to warden, Forniss

-4-

on the subject of him not being taken out to his colon examine appointment. And that the reason for adding Dr. McQueen to this action is that she screens and approves all outside appointments for the Prison Health Service, INC,. Dr. McQueen should know of the seriouslessness of the symptoms I'am experiencing of seeing blood in my stool, which have worsen since my February 20, 2006, Medical Complaint instead of seeing spots of blood now I'am seeing and noticing clots of individual blood after defeciating. Whom have yet to see that plaintiff being taken out to someone capable of diagnosing and treating my symptoms. Plaintiff further contends that the United States Constitutions and the Supreme Court Rulings that mandates incarcerated persons be provided with adequate medical care, is not simply met by the doctors employ by the private company who have contracted with the state to provide prisons with adequate access to medical assistance when he fail to diagnose and treat an inmate symptoms. <u>Estelle v. Gamble</u> 429 US 97, at 104-05.

And that he was informed by Dr. Peashant that they (the Prison Health Care unit) don't have the equipment to perform a Colon examine. Estelle, supra. Plaintiff stress the following facts of substantiate his claims of a "deliberate Indifference" on the part of the Medical defendants in providing adequate medical treatment, on or about August 1st 2006, Dr. Corbier prescribed me some medication to lower my blood pressure level, which it took the defendants up until Sept. 23, 2006 to provide me with the blood pressure medicine. <u>Eselle</u>, supra. Plaintiff also points out the facts that he was also ordered an Eye examine by a doctor working in direct concert with the defendant, which has yet (Dr. order) has yet to be comply with as of this date. And that the defendants (Medical defendants) has been sandbagging him on the Colonostic examine appointment and has acted with "Deliberately Indifference" to my serious medical need (symptoms) which is associated with Prostate and Colon Cancer's which is the number killer among African-American Men's the plaintiff age (40-65), by failing to diagnose and treat his symptoms as of this date.

-6-

7). Plaintiff, also moves this Honorable Court to amend the following defendant to this cause of action, such as Commissioner's Richard Allen, on the grounds Mr. Allen was informed of my medical symptoms and of the facts the health care providers staff were acting with "deliberate Indifference" toward my medical needs. One of my family's members had called Mr. Allen office on numerous occaisons to discuss what steps was being taken to have me taken to some one, who were capable of diagnosing and treating my symptoms. Commissioner's, Allen is charged with the duty of overseeing/supervising the day to day managements of convicts and subordinate officers, personals, Guards according to section, 14-3-1, § 14-3-30(a) & (b) and § 14-3-43. Therefore Mr. Allen should have investigated the complaint and notified, Warden Leon Forniss of the constant calls from my family's concerning my medical conditions. And in terms Warden Forniss should have notified the prison Health Care inorder to enquire into, why I had not been taken to a person capable of diagnosing and treating my serious medical problem. Had the Health Unit

personals had failed to response to Mr. Forniss inquiry, Mr. Forniss could have notified Mr. Allen office letting them know that the Health Care was acting with "deliberately Indifference" toward my medical needs. By failing to diagnose and treat my symptoms as is required by the United States Supreme Court mandate set forth in <u>Eselle V. Gamble</u> supra, Therefore plaintiff as that the named defendant be held in both theirs officials and Individual (person) Capacity's.

Wherefore, plaintiff prays that (t)his motion to leave to amend and/or in the Alternate a motion to amend be "<u>Granted</u>" as law and Justice Requires.

Done this <u>5th</u> day of September 2006.

<i>Tony Fountain</i>, Pro Se

## CERTIFICATE OF SERVICE'S

I, hereby, certify, that I have served a true and correct copy's of the foregoing upon the following as addressed: Office of the Attorney General,
11th South Union Street
Montgomery, Al. 36130,

Gerenal Counsel, For The Department of Corrections, 301 S. Ripley St. Montgomery, Al. 36130,

Dr. Peasant, Dr. Corbier and Dr. S. McQueen
Prison Health Services, Inc.
2000, Interstate Park Drive
Suite 103
Montgomery, Al. 36109

by placing the same in the U.S. Mail on this 5th day of September 2006.

Sincerely

