IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

TONY FOUNTAIN, #152 157            *

    Plaintiff,                    *

    v.                            *       2:06-CV-548-MHT
                                     (WO)

DR. PEASANT, *et al.*,             *

    Defendants.                   *

_____

**ORDER ON MOTION**

On October 11, 2006 Plaintiff filed a Motion for Leave to Amend Complaint. (Doc. No. 34.)   In his motion, Plaintiff seeks to name Dr. Corbier, Dr. McQueen, and Commissioner Richard Allen as additional defendants to this cause of action. (*Id.*) Upon consideration of Plaintiff's motion, it is

ORDERED that the motion (Doc. No. 34) be and is hereby DENIED for the reasons that follow.

Plaintiff seeks to name Dr. Corbier as a defendant to the instant complaint. In support of his motion, Plaintiff states that Defendant Peasant is no longer assigned to Staton Correctional Facility and that Dr. Corbier has been acting as Plaintiff's physician for the past two months. (Doc. No. 34 at pg. 3.)

The court notes that Plaintiff filed this complaint on June 20, 2006 complaining of matters related to inadequate medical care which began on or around February 20, 2006.

Plaintiff's desire to add Dr. Corbier as a defendant concern events which have occurred since the filing of the instant action more than three months ago. Piecemeal litigation is to be avoided. Plaintiff is advised that the court will not indulge a running narrative against prison or medical personnel complaining about matters which have occurred daily, weekly, and/or monthly since the inception of filing the instant action. Defendants named to the original complaint are under order to file a written report to Plaintiff's allegation that he is not receiving adequate medical care, and Plaintiff will have an opportunity to respond to the written report. Accordingly, the court concludes that Plaintiff's request to name Dr. Corbier as a defendant to the instant action shall be denied. Plaintiff may, however, file a separate civil action against this individual.

Plaintiff seeks to name Dr. Sylvia McQueen, Director of Daily Operations for Prison Health Services, Inc., as a defendant. Plaintiff asserts that Dr. McQueen "should know of the seriousness of the symptoms I'[]m experiencing of seeing blood in my stool, which have worsen since my February 20, 2006 medical complaint." (Doc. No. 34 at pg. 5.) Plaintiff further asserts that Dr. McQueen "screens and approves all outside appointments for the Prison Health Service, Inc."[1] (*Id*.) With respect to his desire to add Commissioner Allen as a defendant, Plaintiff asserts that the Commissioner has been informed of Plaintiff's medical symptoms and that the health care providers at Staton are acting with deliberate indifference to Plaintiff's medical needs. Plaintiff further asserts that Commissioner Allen is "charged with the duty of overseeing/supervising the day to day management of convicts, and

---

[1]In his pending motion, Plaintiff states that he was recently "approved for *another* test that is required before colonostic examine [sic]." (Doc. No. 34 at pg. 4) (emphasis added).

subordinate officers, personnel[], [and] guards." (*Id.* at pg. 7.)

Supervisory personnel cannot be liable under 42 U.S.C. § 1983 for the action of their subordinates under a theory of *respondeat superior. See Monell v. Dept. of Soc. Svces.*, 436 U.S. 658, 691 (1978); *Greason v. Kemp*, 891 F.2d 829, 836 (11th Cir. 1990). Plaintiff's motion for leave to amend to name Dr. McQueen and Commissioner Allen as defendants shall, therefore, be denied. *See also Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing.") (internal quotations omitted); *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977) (a medical treatment claim cannot be brought against managing officers of a prison absent allegations that they were personally connected with the alleged denial of treatment).

Done, this 11th day of October 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE