# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | | |
|---|---|---|
| **TONY FOUNTAIN, #152157** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **2:06-CV-548-MHT** |
| **DR. PEASANT, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER AND SPECIAL REPORT

**COMES NOW**, the defendant, **Warden Leon Forniss**, by and through Bettie J. Carmack of the Attorney General's Office, and hereby files his answer and special report in the above stated cause of action:

## ANSWER

In answer to Plaintiff's allegations, Defendant states as follows:

1.   Defendant denies Plaintiff's allegations and demand strict proof thereof.

2.   Defendant denies that any of the Plaintiff's constitutional rights have been violated.

3.   Defendant asserts the affirmative defenses of sovereign and qualified immunity.

4.   Defendant denies each and every material allegation not expressly admitted herein and demand strict proof thereof.

<u>SPECIAL REPORT</u>

### *Parties*

1.  **Tony Fountain** (Plaintiff) – Inmate at Staton Correctional Facility which is located at P. O. Box 56  Elmore, AL  36025.

2.  **Dr. Peasant** (Defendant) – a doctor formerly located at Staton Correctional Facility and employed by Prison Health Services. Dr. Peasant is currently located at Ventress Correctional Facility which is located at P. O. Box 767  Clayton, AL  36016-0767.

3.  **Warden Leon Forniss** (Defendant) **–** Warden at Staton Correctional Facility which is located at P. O. Box 56  Elmore, AL  36025**.**

### *Exhibits*

1.  Exhibit A – Affidavit of Warden Leon Forniss

2.  Exhibit B – Inmate Fountain's medical records (as they relate to rectal bleeding)

3.  Exhibit C – Inmate Fountain's November 3, 2005 eye exam

4.  Exhibit D – Inmate Fountain's December 13, 2005 health evaluation

### *Plaintiff's Claims*

Inmate Fountain raises a claim that the defendants were deliberately indifferent to his serious medical needs when they refused to schedule him for a colonoscopy and refused to provide him with reading glasses.  Inmate Fountain requests, in the form of injunctive relief, a colonoscopy and eye examination.

### *Fountain's Eighth Amendment claim is without merit*.

"The Eighth Amendment governs 'the treatment a prisoner receives in prison and the conditions under which he is confined.'" <u>Kelley v. Hicks</u>, 400 F. 3d 1282, 1284 (11th Cir. 2005) *quoting* <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993). "The Supreme Court has held that prison official's 'deliberate indifference to [the] serious medical needs of [a] prisoner [ ] constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment.'" <u>Kelley v. Hicks</u>, 400 F. 3d at 1284 *quoting* <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's prohibition against cruel and unusual punishment. *See* <u>Estelle v. Gamble</u>, 429, U.S. at 97.

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and subjective inquiry. First, a plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with deliberate indifference to that need." <u>Kelley v. Hicks</u>, 400 F. 3d at 1284. In this case, Inmate Fountain has failed to show that Warden Forniss was deliberately indifferent to his serious medical need.

*A.     Serious medical need*

      1.      Rectal bleeding

The defendant, Leon Forniss, concedes that rectal bleeding likely constitutes a serious medical need.  *See* <u>Darnell v. Simmons</u>, 48 P. 3d 1278 (Kan. Ct. App. 2002)("Prisoner's medical complaints regarding a lump in his abdomen, stomach pains, and bloody stool presented a serious medical need, as would support a claim of deliberate indifference. . .").

      2.      Reading glasses

Inmate Fountain contends that his need for reading glasses constitutes a serious medical need.  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Walker-El v. Naphcare Med. Services, Inc</u>., 432 F. Supp. 2d 1264, 1269 (D. Ala. S.D. 2006).  On December 13, 2005, Inmate Fountain had his yearly physical and his eye exam indicated that his vision was 20/20. (Exhibit **D**)  As a result, Inmate Fountain did not have a serious medical need, as it related to reading glasses.

B.    *Deliberately indifferent to Inmate Fountain's need for medical care*

"To establish . . . deliberate indifference to [a] serious medical need, the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." Brown v. Johnson, 387 F. 3d 1344, 1351 (11th Cir. 2004).    "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' " and is a violation of the Eighth Amendment right to be free from cruel and unusual punishment." King v. Corr.  Med. Services, Inc., 919 So. 2d 1176, 1192 (Ala. Civ. App. 2005) *quoting* Estelle v. Gamble, 429 U.S. 97.

"Deliberate indifference can be manifested by prison personnel intentionally denying or delaying access to medical care, by prison personnel interfering with prescribed treatment, or by prison doctors responding indifferently to a prisoner's medical needs." King v. Corr. Med. Services, Inc., 919 So. 2d at 1192 *citing*    Estelle, 429 U.S. at 104-05. "[A]n inadvertent failure to provide adequate medical care, [however] cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id., citing* Estelle*, 429 U.S.* at 105-06.

As previously stated, the defendant, Warden Forniss, concedes that Inmate Fountain likely had a serious medical need as it related to his rectal bleeding. Although Warden Forniss, however, disagrees with Inmate Fountain's claim that he has a serious medical need, as it relates to reading glasses, the defendant, Warden Forniss, will address Inmate Fountain's claim that he was denied serious medical care as it relates both to the rectal bleeding and his need for an eye examination.

Inmate Fountain's claim as it relates to his rectal bleeding is that he has been denied serious medical care by Warden Forniss and Dr. Peasant. Inmate Fountain is incorrect. Inmate Fountain has been seen on the following dates as it relates to his rectal bleeding:

February 22, 2006 – Inmate Fountain had no dizziness or weakness and no "blood seen in commode." (Exhibit **B**, pg. 4)

March 21, 2006 – Inmate Fountain had no hemorrhoids or lesions (*Id.*, pg. 5) Inmate Fountain agreed to submit to a digital rectal exam. (*Id.*, pg. 11)

April 13, 2006 – Inmate Fountains lab reports were reviewed and he had high cholesterol. Inmate Fountain was referred to Dr. Peasant. (Exhibit **B**, pg. 11.)

April 19, 2006 – Inmate Fountain's TB test was negative. (*Id.*, pg. 6)

April 25, 2006 – Inmate Fountain reported to the RN, as instructed by Dr. Peasant, and he was referred to the doctor for further examination. (*Id.*, pg. 12)

June 6, 2006 – Inmate Fountain was seen for a follow-up by the doctor. (*Id.*, pg. 7)

August 2, 2006 – Dr. Peasant discussed the need for Inmate Fountain to have a colonoscopy. (*Id.*, pg. 7)

August 10, 2006 – the nurse practitioner noted that Dr. Peasant "had been following patient re: eval[uation] [for a] colonoscopy." (*Id.*, pg. 16)

August 18, 2006 – A colonoscopy was scheduled for Inmate Fountain and he was approved for a vision screening. (*Id.*, pg. 7, 18)

August 19, 2006 – physical examination indicated no rectal mass (*Id.*, pg. 17)

August 29, 2006 – Inmate Fountain was seen by the doctor and a colonoscopy was recommended. (*Id.*, pg. 8)

September 21, 2006 – Inmate Fountain's vitals were recorded. (*Id.*, pg. 8)

September 29, 2006 – Inmate Fountain was prescribed medication. (*Id.*)

October 6, 2006 – A colonoscopy was ordered for Inmate Fountain.

(*Id.*, pg. 10)

October 18, 2006 – Inmate Fountain was scheduled for a colonoscopy with a digital rectal examination to follow. (*Id.*, pg. 18)

Inmate Fountain has been seen a minimum of 15 times since he complained of rectal bleeding.  There is no evidence that Warden Forniss

withheld medical care from Inmate Fountain. In fact, it would appear that Inmate Fountain has had more medical care than an individual in the "free world" would have had in the same period of time. Inmate Fountain appears unsatisfied with the medical care because it did not include a colonoscopy. Inmate Fountain's claim seems to be related to the fact that he disagrees with the type of medical care he received. A difference in opinion, as it relates to medical care, does not constitute an Eighth Amendment violation. *See* Salas v. Tillman, 2006 WL 122426 (11th Cir. Jan. 17, 2006) ("Prisoner's allegations that he desired different modes of medical treatment than those provided failed to state a claim for deliberate indifference under the Eighth Amendment."); *see also* Darnell v. Simmons, 48 P.3d at 1282-1283 ("A colonoscopy is not a procedure offered by PHS, and [the Plaintiff] would need to be transported to an outside medical center for the procedure. A difference in opinion between the prisoner and the medical staff regarding medical treatment that the prisoner receives does not support a claim of cruel and unusual punishment.")

Inmate Fountain's claim that prison officials have deprived him of reading glasses is without merit. During a medical exam on December 13, 2005, it was noted that Inmate Fountain's vision test indicated that he had 20/20 vision. (Exhibit D) There is no evidence that Inmate Fountain needs

reading glasses. Therefore, Inmate Fountain has failed to show that the defendant, Warden Forniss, was deliberately indifferent to his need for reading glasses. *See* <u>Dunn v. Martin</u>, 2006 WL 1049403, at *1(11th Cir. Apr. 21, 2006)(Dunn's disagreement with the treatment prescribed by the optometrist does not constitute a claim of deliberate indifference).

## <u>CONCLUSION</u>

Based on the foregoing, the Defendant respectfully requests that this Honorable Court dismiss the above stated action against the Defendant, Warden Leon Forniss.

RESPECTFULLY SUBMITTED
TROY KING
ATTORNEY GENERAL

 /s/*BETTIE J. CARMACK*
Bettie J. Carmack
*Assistant Attorney General*
*Civil Litigation Division*
11 South Union Street
Montgomery, AL 36130
Telephone: (334) 353-5305
Facsimile: (334) 242-2433

## CERTIFICATE OF SERVICE

This is to certify that I have on this **7th** day of **November**, **2006**,

served copies of the foregoing *pleading* upon the plaintiff by depositing

same in the United States Mail, addressed as follows:

**Inmate Tony Fountain**
**AIS #152157**
**Staton Correctional Facility**
**P. O. Box 56**
**Elmore, AL  36025-0056**

/s/ *BETTIE J. CARMACK*
Bettie J. Carmack
*Assistant Attorney General*