IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Tony Fountain #152787
  Plaintiff,

VS.                                Civil Action No: 2:06-CV-548-M.H.T

Dr. J. Peasant, et, al,
  Defendants.

## PLAINTIFF SUBMITS INTERROGATORIES TO DR. J. PEASANT, DR. R.M. MILLER, AND DR. T.D. BIANCHI, PURSUANT TO RULES 33 (d) ALONG WITH HIS REQUEST FOR ADMISSIONS PURSUANT TO RULE 36 (d) Fed. R. Civ. P.

Comes now, Tony Fountain, by and through himself herein submits Interrogatories to be answer by Dr. Peasant, Dr. R.M. Miller and Dr. T.D. Bianchi, pursuant to Rules 33 (d) Fed. R. Civ. P. along with his Request for admissions pursuant to Rules 36 (d) Fed. R. Civ. P.. Plaintiff asserts the followings facts in support of (t)his Interrogatories and Request for admissions to wit:

  1). Plaintiff contends that he received the answer and special report from the attorneys for Dr. Peasant on November 27th 2006, some six (6) days after it was stamped by the

Birmingham Post Office. (The postal stamps shows it was received at that post office on Nov. 21, 06).

2). And plaintiff stresses the facts that the medical records (documents) attached to the defendants Dr. Peasant Special Report are not legible such as pages 2 of 5 & 4 of 5. Also the point that he's not familiar with some of the medical terminology set forth in these medical records and assumes the court is in the same position. Nor are the language in these medical documents written in layman terms as to be fully interpreted by the plaintiff.

3). Plaintiff, further stress the facts that the medical documents (Nov. 21 2006) does not specific address his allegations presented in the plaintiff complaint. And only addresses the procedure conducted after his colonoscopy examines. He also stresses the point that Dr. Miller did not perform the ~~same~~ colonoscopy, and that he only remember Dr. Bianchi.

4). And that if the court would take a look at Doc.#47-2 that bears ~~hearsay~~ Dr. Miller names that is from the Alabama Pathology Associates, P.C. which only analyzed the tissue that was removed from my colon. The polyps had not

yet deveolped into cancers, yes I was heavily sadated during the Colonoscopy procedure; but not before. Webster's New World Dictionary of American English (Third College Edition), page 990 definses the word pathology as "the branch of medicine that deals with the nature of disease, esp. with the structural and functional changes caused by disease, 2 all the (conditional) processes, or Results of a particular disease, 3 any abnor--mal variation from a sound or proper condition. patholo--gist". (webster's page 990.).

Whereas, plaintiff presents the following Interrogatories to Dr. Richard W. Miller, M.D. pursuant to Rule 33, Fed. R. Civ. P. to wit:

<u>Plaintiff Submits Interrogatories<br>To Dr. Richard W. Miller.</u>

1). Dr. Miller, could you please state your professional Duties for the Records?

2). Dr. Miller, did you perform the Colonoscopy Examine. on patient Tony Fountain on Nov. 8th 2006?

-3-

3). Dr. Miller, some three to four days after the Colonoscopy Examine, the plaintiff has not seen blood in his stool, would that be because the two (2) polyps removed from Mr. Fountain Colon was the direct result of the polyps on the walls of the colon.

4). And this also supports you scheduling of Re-evaluation in three years.

5) Is that the length of time it take, before the two polyps to Re-appear on the walls of Mr. Fountain Colon.

<u>Plaintiff submits Interrogatories for Dr. T. Bianchi to answer</u>

1). Dr. Bianchi, did you perform the Colonoscopy on Mr. Fountain?

2). Would you please state, what it is that you do for Records.

3). Dr. Bianchi, in your professional opinion, the two (2) polyps removed from Mr. Fountain Colon was in fact the source of the Rectum bleeding Mr. Fountain was experiencing?

-5-

5). And if an Individual was experincing the symptoms Mr. Fountain was faced with, what would be your professional advice to that Individual?

6). In other word, Dr. Bianchi you are saying Mr. Fountain had cause to be worry about seeing blood in his stool after defecating?

7). And did the Right thing in seeking medical assistance and any other assistance to remedy his situation?

8). Dr. Bianchi, did you see Tony Fountain on November 1st 2006?

9). And what was the purpose of that visit?

10). Dr. Bianchi, would your out-patient sign-in log show that Correctional Officer's McQueen signed Mr. Fountain in on November 1st 2006?

11). And if someone, would have maded the statement that Mr. Fountain did not have an appointment with you on November 1st 2006, would that person be correct?

-6-

<u>Plaintiff Request For
Admissions Addressed To
Dr. Bianchi</u>

1). Dr. Bianchi, in your professional opinion, what causes Colon Cancer? Is it causes by the very polyps that was Removed from Mr. Fountain Colon on November 8th 2006.

2). If there was no other significant finding noted in the Colonoscopy Examine performed on Fountain on November 8th 2006, the polyps Removed from his Colon caused the Rectum bleeding.

3). Dr. Bianchi, in your professional opinion, if these two (2) polyps was detected in a timely fashion, they would have formed into cancer.

4). That (answer to question #3 above) is your professional opinion Right.

5). Dr. Bianchi, do you know what exactly causes polyps to form on the colon wall of an individual, is it caused by the lack of a proper diet and/or vitamins.

<u>Plaintiff Submits Interrogatories
To Dr. Peasant to Answer</u>

-7-

1). Dr. Peasant, inorder to get to the root of an illness, you must first communicate with an individual as to what symptoms he's experincing first Right?

2). This is a must inorder to make a sound medical diagnosis Right?

3). And how that individual is able to articulate his symptoms, is an important tool to help you make your medical determination as to treat his illness Right?

4). Therefore, if a patient is able to articulate his symptoms to you, It's makes your job a lot easier Right?

5). Because most inmates are not able to articulate the symptoms they are experincing as did Mr. Fountain correct?

6). Dr. Peasant in your affidavit of November 16th 2006 you maded the statement that "The medical records indicated that Mr. Fountain would be seen by a gastroente-rologist on November 1st 2006" Right?

7) And further stated "(this date was likely a scrivene's error because the appointment occurred one week later, on November 8th 2006 Right?

-8-

8). Dr. peasant, let's say if I have the Court to order the Elmore County Community Hospital Out-patient check-in list, and it shows that Mr. Fountain was in fact at Hospital on Nov. 1st 2006. It would be safe to say your Records are not always accurate Right?

9). So you could be mistaken as to his appointment of November 1st 2006 correct?

### Plaintiff, Request For Admission to be answer By Dr. peasant

1). Therefore, the appointment was original set for Nov. 1st 2006; but there was some-kind of miss-up on you and your staff part correct.

2). Dr. peasant, that type of miss-up only go's to show that the Health Care unit (Staton prison) Records are not always as accurate as you'er would like them to be Right?

3). Now this is the place were you held your prior practice, and you couldn't always relie upon those Records could you.

10). In fact Dr. Peasant you'll didn't prepare Mr. Fountain for his November 1st 2006, appointment Right?

11). And you'll had to Re-Schedule his appointment after he was taken to the Elmore Co. Community Hospital on November 1st 2006, because he was not prepped by you'll correct.

12). Dr. Peasant, in your professional opinion, would you say an individual complaint of seeing spots of blood in his stool go's from that to seeing clots of individual a serious situation in the medical field.

13). But yet you and your staff, didn't take Mr. Fountain complaint seriously of April 23, 2006, did you.

Plaintiff, Contends that the defendants/Dr. John Peasant should answer/response within 30 days after (t)hese Interrogatories and his Request for Admissions are served upon him (from the date on the Certificate of Services) for whom they are directed to pursuant to Rule 33(a)Fed.R.Civ.P. and Rule 36(a) Fed.R.Civ.P.

Done on this 29th day of November 2006.

Tony Fountain, Pro Se

-10-

# CERTIFICATE OF SERVICE'S

I, hereby, certify, that I have served a correct and true copy of the foregoing upon attorney's for the defendants as addressed:

Office of the Attorney General
11th South Union, Street
Montgomery, Al. 36130.

Porterfield, Harper, Mills & Motlow, P.A.
22 Inverness Center Parkway
Suite 600
P.O. Box 530790
Birmingham, Al. 35253-0790

by placing the same in the U.S. Mail on this 29th day of November 2006. Prepaid.

Sincerely

