IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Tony Fountain #152150
Plaintiff,

VS.

Dr. Peasant, et al
Defendants.

Civil Action No: 2:06-CV-548-MHT

RECEIVED 2007 JAN -5 A 9:33
DEBRA P. HACKETT CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## IN OPPOSITION TO THE SPECIAL REPORT OF THE DEFENDANTS FILED ON NOVEMBER 6th & 20th 2006

Comes, now Tony Fountain, by and through himself herein "Objects" to the Special Reports Filed by the defendants, Dr. Peasant and Warden Forniss on or about November 6th & 20th 2006. Plaintiff asserts the following facts in support of (t) his objection and submits opposing affidavits as required by Rule 56(e) Fed. Civ. P.

1). Plaintiff contends that Summary Judgment should only be granted if "the pleading, depositions, answers to interrogatories, and admissions on file; together with the affidavits; if any show that there is no genuine issue as to any material facts and that the moving party is entitled to a judgment as a matter of law". Fed. R. Civ. P. 56(c). And that reviewing

the defendants Motion for Summary judgment the Court must view the Records in the light more favorable to the Non-Moving party. Poller V. Columbia Broadcasting Systems, Inc, 368 U.S 464 at 473, 82 S.Ct 486, 491, 7 L.Ed.2d. 458 (1962). The Court must indulge all inference favorable to the Non-Moving party. United States V. Drebold Inc, 369 U.S. 654, 82 S.Ct 993, 994, 8 L.Ed.2d 176 (1962).

And that Court should consider his pro Se filing liberally in light of, Haines V. Kerner, 404 U.S 519, 520-21, 92 S.Ct.594 595-96, 30 L.Ed. 2d. 652 (1972), State a Claim of "Deliberate Indifference" to plaintiff Serious Medical Condition of Seeing blood in his Stool and failure of defendants to provide him with access to prison's Off-Sight Eye doctor in violation of plaintiff eight amendment rights to be free from cruel and unusual punishment. Estelle V. Gamble 429 U.S 97, 104 (1976). Which was cause by defendants acting with invidious discrimination toward plaintiff because of his convictions and sentences. McLaughlin V. State of Florida, 379 U.S. 184, 194, 85 S.Ct 283, 289, 13 L.Ed.2d. 222 (1964) But first plaintiff like to address the defendant Claim of an Affirmative defense of a failure of plaintiff to Exhaust his Administrative Remedies.

<u>In opposition To Defendants</u>
<u>Claim of In AFFIRMative Defense</u>
<u>And Theirs Claim of Statute</u>
<u>of Limitation</u>

Plaintiff contends that the defendants claim that plaintiff failed to Exhaust his administrative Remedies, under 42 U.S.C.S. 1997 e(a) is an affirmative defense that must be pleaded and proven by the defendants. <u>Wyatt V. Terhune</u> 315 F.3d. 1108, 1119 (9th Cir. 2003), <u>Ray V. Kertes</u> 285 F.3d. 287, 295 (3d Cir. 2002), <u>Green V. J.K. Schwartz, P.J. Doremus</u> 138 Fed. Appx. 184; 2005 U.S App. Lexis 11593, No-04-15120 -Non-Argument Calender, June 17, 2005, decieded June 17, 2005 Filed. And the facts that the defendants has yet to proffer any evidence that suggest plaintiff didn't Exhaust his administive Remedies. <u>Wyatt</u>, supra.

Althought, the defendants submitted an access to care Informations form marked as their Exhibit-D, they failed to show the authenticity of that document, and to point out what procedure that wasn't taken by the plaintiff. Nor did they mentioned in theirs affidavits the authenticity of the documents they never point forward any other evidence that suggested the plaintiff did not take, that would have allowed Exhaustion of his administrate Remedies. <u>Wyatt</u> supra. Nor did they make mention of any other information and/or steps that wasn't take by the plaintiff.

3

That would have substaniated theirs claims of theirs affirmative defense, such as what step of the Health Care Providers grievances procedure for appeal that wasn't taken by plaintiff. (This Court can take judicial notice of its own records, see deft. Ex. A thru D. Plaintiff, contends that the defendants don't normally follow theirs own policy, and procedure, which is shown by theirs Exhibit-D the access to care information sheet, paragraph 7 that states "that grievance are reviewed within three (3) days of receiption". Plaintiff, points out the facts that he was unable to resolve his initial grievance submitted on March 20, 2006, April 7 2006 and on May 26, 2006. The Complaint with attached grievances of May 26, 2006 submitted to the warden and the original grievance filed with the Health Care unit, was placed in the regular sick-call box out-side the pill call window. See (plaintiff, Ex. 501). Miller V. Norris (2001, CA 8, ARK) 247 F.3d. 736. Plaintiff stresses the facts that he requested a formal grievance from the defendants and they failed to response to such request as of this date. Miller V. Norris, supra. These action was contrary to the defendants policy of three (3) days. And that although title 42 U.S.C.S. 1997 e(a) are written in mandatory language that is similar to a title VII case its still does not make the exhaustion requirement a jurisdiction bar. Nyhuis V. Reno 204 F.3d. 65 at 69 N 4 (3d Cir. 2000).

4

## Defendant Claim of an Eleventh Amendment Immunity and Deliberate Indifference

Furthermore, plaintiff contends the defendants defense of Eleventh amendment claim of immunity and Deliberate Indifference not being proved must fail, due to the facts that such defense does not apply to cases were only prospective injunction Relief is sought. <u>EDELMAN</u> v. <u>Jordan</u> 415 US 651, 664-71, 94 S.Ct. 1347, 1356-60, 39 L.Ed. 2d. 662 (1974). Plaintiff points out the facts that he never Requested Monetary Relief in the case at bar; but attempted to only to be denied on his motion to Amend. And that a Complaint that failed to specify the claims of a State Official's are normally asserted against them in theirs individual Capacity does not justify an outright dismissal on Eleventh Amendment grounds. <u>Kentucky v. Graham</u> 473 US 159 at 167, N. 14, 105 S.Ct. 3099, 87 L.Ed. 2d. 114 (1985) I most cases the complaint itself will not clearly specify whether official are sued personally in theirs official Capacity or both <u>Kentucky</u> supra.

However the course of the proceeding in such case typically will indicate the nature of the liability sought to be imposed, thus early dismissal of a plaintiff claims is in-appropriate unless it appears "beyond doubt" the plaintiff

5

can prove no set of facts that would justify holding a State actor liable in his individual capacity. <u>Conley v. Gibson</u> 355 US 41, 45-46, 78 S.Ct. 99, 2 L.Ed. 2d. 80 (1957)

Plaintiff points to facts that the aforesaid facts are of particular relevancy in a case where plaintiff is proceeding pro se. <u>Mitchell V. Kirne</u> 947 F.Supp. 332 at 338 (S.D.N.Y. 1997). Furthermore, plaintiff contends if the court concludes that he didn't present a colorful claim of a constitutional violation of a "deliberate indifference" on his claim the defendants failed to diagnose and treat his symptoms of seeing blood in his stool in a timely fashion. The same can not be said of his claim of being denied medical care on his eye problems. <u>Estelle V. Gamble</u> 429 US 97, 104 (1976). And that in the case of <u>Mitchell V. Maynard</u> 80 F.3d. 1433, 34 Fed. R. Serv. 3d. 1018 (10th Cir. 1996), held that a failure to provide an inmate with eyeglasses; if proven would violate the Constitution. Plaintiff asserts the facts that he point out facts that the defendants never conducted a eye examine on him on November 3, 2005. (see, plaintiff, Ex.-101). And had they did such in-house examine it's wouldn't have been a prima facie evidence of them providing me with adequate access to medical care concerning my eye problems. <u>Estelle</u>, supra. Plaintiff pointed out in affidavit that there noway the defendants could have

6

Meassured his Eyesight (vision) is 20/25 on November 3, 2005 and 40 days later as being 20/20, therefore these numebers can not be accurate. And plaintiff maintain he was never examined by the nurse or no one else on november 3, 2005, the defendants Exhibit-C & D contradicts each other. plaintiff contends its impossible for the defendants to get a reading from a person who are Farsightedness, when the Eye Chart are normally some 15 to 20 feets Away. And for the defendants to conclude his visions is 20/25 or 20/20. <u>Estelle Supra</u>,. Because there several type of vision problems that effect, different individual in difference ways, such as a person could be nearsightedness who can see nearby objects clearly; but have trouble seeing objects that far away. Nearsightedness is caused by an Eyeball that is too long, which light rays are brought into focus in front of the retina rather than on it. See <u>Texas Edition Prentice Hall, Health Skills For Wellness, page 428.</u>

Then there people's who are Farsightedness, a person who is Farsighted can see faraway objects clearly; but cannot see nearby objects well. Farsightedness is caused by an Eyeball that too short, Focusing light rays behind the retina. <u>Texas Edition</u> Supra and plaintiff, Exhibit-101, his Affidavit. And there people's who are Astigmatism (uh stig muh tiz um) or what is sometime refered to as distorted vision. which is caused when the curvature of the cornea of the lens is uneven light rays entering the eye

7

eye, can not be focused at a single point on the Retina. In which Eyeglasses or Contact lenses can correct such as persons who are farsightedness, nearsightedness and astigmatism. (Texas Edition, supra). Plaintiff further contends when an inmate alleged he was denied Medical care for an eye problem for eight months and was denied Eyeglasses it Reach the level of deliberate Indifference. <u>Harris v. O'Grady</u> 803 F.Supp. 1361, 1366 (N.D. Ill. 1992) And that it has been over 12 months, and the defendants has yet to provide him with diagnosis and treatment. Id. Plaintiff stress the facts that the defendants fabricated theirs document marked as Exhibit-C, and that no such eye examine was never done on him on November 3, 2005, only when he filed his complaint into this court, that the defendants in theirs agents came up with this document. This is also supported by Nurse Ellis Response to Warden, Thomas inquiry of 4-11-06, in which Nurse Ellis would have produced such documents then instead of waiting 8 months later. Nor did he make such reference to in his response to, Warden, Thomas 4-11-06 as to what he based his theory of 20/25 vision. <u>Estelle Supra</u>.

<u>Defendants Forniss Claim</u>
<u>of Eleventh amendment</u>
<u>Immunity</u>

Plaintiff contends, defendants Forniss Claim a defense of Eleventh amendment immunity which also most fail

-8-

because he known or should have known the actions of the defendants was a direct violation of plaintiff Constitutional Rights. And that all is required is a showing of a causal connection between the party involve with violating such rights. Jermosen v. Smith 945 F.2d 547, 550 (2d Cir. 1991) cert. denied, 503 U.S 961, 118 L. Ed.2d. 211/1992

## Conclusion

Plaintiff prays that Court Construe(his) Claims liberally in light of Haines v. Kerner supra, and hold an evidentiary hearing on his claims concerning his vision problem, if it find his claims of deliberate indifference as to his Colonoscopy Examines don't raise to level of a Constitutional violation.

Done on this 3rd day of January 2007.

Tony Fountain

## CERTIFICATE OF SERVICE'S

I, hereby, certify, that I have served a true copy of the foregoing upon the following:

OFFICE OF The Attorney General
11th South Union Street
Montgomery, Al. 36130

to

PORTERFIELD, HARPER, Mills & Motlow, P.A.
22 Inverness Center Parkway
Suite 600
P.O. Box 530790
Birmingham, Al. 35253-0790

by placing the same in the U.S mail on this 3rd day of January 2007, Certified Mail.

Sincerely

