IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Tony Fountain #152157
   Plaintiff,

VS.

Dr. Peasant, et, al,
   Defendants.

Civil Action No. 2:06-CV-548-M.H.T

## MOTION OF OPPOSITION TO THE JUDGE ORDER OF MAY 29 2007, DENYING PLAINTIFF MOTION TO VOID MAGISTRATE JUDGE ORDER OF AUGUST 2 2006, AND IN OPPOSITION TO THE CLARIFICATION OF ENFORCEMENT OF THE MAGISTRATE JUDGE ORDER OF AUGUST 2 2006.

Comes now, Tony Fountain, by and through himself hereby "Objects" to the Judge order of May 29 2007, denying his Motion to void the Magistrate Judge (Susan Russ Walker) order of August 2 2006. And opposed the Judge Clarification of Enforcement of the Magistrate Judge order of August 2 2006. Plaintiff's asserts the following facts in support of (t)his Motion to wit:

   1). Plaintiff contends, the United States District Judge should decide any and all dispositive matter, see U.S. v. Raddatz 447 U.S 667, 65 L.Ed. 424, 100 S.Ct 2406

And the facts that Judge Myron H. Thompson order of May 29 2007, is misplaced on the point that 28 U.S.C. § 636 a-b authorizes the Magistrate Judge (Susan Russ Walker) to decide a dispositive motion to proceed in forma pauperis status without first allowing a district court Judge review and adoption of the Magistrate Judge order or the consent of the parties. <u>Tripati v. Rison</u>, 847 F.2d. 548 (9th Cir. 1988), also see 28 U.S.C. § 636 (C)(1), <u>Ambrose v. Welch</u> 729 F.2d. 1084 (6th Cir 1984), <u>Geaney v. Carlson</u>, 776 F.2d. 140 at 142 (7th Cir. 1985).

2). A void order or judgment deprives a court of jurisdiction to act, <u>Klugh v. U.S.D.C.S.C</u>, 620 F. Supp. 892 at 901, in which a court acting without jurisdiction, orders, judgments ect--- is a nullity. Therefore, plaintiff was not required to object to the Magistrate Judge order of August 2 2006 within the ten days time period. And plaintiff Contend had he been notified of his rights of consenting to a Magistrate Judge (Susan Russ Walker), being appointed to consider his motion to proceed in forma pauperis status, pursuant to 28 U.S.C. § 636 (C)(1). Only than would he would have been required to

Object within ten (10) days to the Magistrate Judge Report or Recommendation. 28 U.S.C. § 636(b)(1)(C). Which was substantiated by Rule 72(b), F.R.Civ.P. Plaintiff, further contends a Magistrate Judge (Susan Russ Walker) had no authority to issue a dispositive order, denying or granting in forma pauperis status absent the district court Judge's Review and adoption of the Magistrate Judge order or the consent of the parties. Tripati supra, see also Minetti v. Port of Seattle 152 F.3d. 1113 at 1114 (9th Cir. 1998). Neither of the aforesaid steps was taken by this court on the Judge (Magistrate) order of August 2 2006.

3). Plaintiff stresses the facts, that 28 U.S.C. § 636(b)(1)(C) provides parties with a ten day period, during which to object to a proposed findings and Recommendations of a Magistrate Judge (Susan Russ Walker). However a Magistrate Judge is only required to make proposed findings and Recommendations to the district court with Respects to Motions specified in 28 U.S.C. § 636(b)(1)(A). See 28 U.S.C. § 636(b)(1)(B). Section 636(b)(1)(A) contains no Reference to an application to proceed in forma pauperis, Rather the Magistrate Judge (Susan Russ Walker) authority to make Rulings or Recommendation on a dispositive pretrial matters not

-3-

specified in 28 U.S.C. § 636(b)(1)(A) is derived from 28 U.S.C. § 636(b)(3), which does not, requires a Magistrate Judge to submit proposed findings and Recommendations. Section 28 U.S.C. §636(b)(3) does not provide a party with ten days to file a written objections with the Court. See <u>Minetti v. Port of Seattle</u> 152 F.3d. 1113 at 1114 (9th Cir. 1998).

Plaintiff, maintain and contends, the Magistrate Judge (Susan Russ Walker) was without authority to decide a dispositive matter such as his motion to proceed in forma pauperis status. In which she granted on August 2 2006 and order plaintiff to pay the sum of $350.00 on or before August 10 2006 or his action would be dismissed. Absent the district Court Judge review and adoption of the Magistrate order of August 2 2006 or the consent of the parties. <u>Ambrose v. Welch</u> 729 F.2d. 1084 (6th Cir. 1984).

4). Furthermore, plaintiff contends the judge order of May 29 2007 clarifying the enforcement of the Magistrate judge (Susan Russ Walker) order of August 2 2006, were misplaced. Rule 72(a) F.R.Civ.P. only refered to nondispositive matter, an application to proceed in forma pauperis status is not a nondispositive matter under 72(a) F.R.C.V.P. See <u>Minetti v. Port of Seattle</u> supra.

-4-

Plaintiff contends, the Magistrate Judge (Susan Russ Walker) failed to comply with Rule 72(b), F.R.Civ.P. This Court have power to review and/or reconsider any pretrial matter pursuant to 28 U.S.C. § 636 (b)(1)(A) where its has been shown that the Magistrate order is clearly erroneous or contrary to law as set forth above. By ordering reimbursing plaintiff $350.00 filing fee's that the Magistrate had no power or authority to order with out the district Judge review of her order of August 2 2006, or consent of the partys which neither steps were taken in this case pending before this Court. <u>Tripati v. Rison Supra</u>,.

Wherefore, plaintiff, prays that (t)his objection be sustain as the law and authority herein requires.

Done this 4th day of June 2007.

Tony Fountain, Pro Se

## CERTIFICATE OF SERVICES

I hereby, Certify that I have served a true and Correct Copy of the foregoing as addressed:

Office of the Attorney General
11th South Union Street, Monts. Al. 36130

to

The law office of Porterfield, Harper, Mills & Motlow P.C. 22 Inverness Center Parkway Suite 600 P.O. Box 530790, Birmingham, Al. 35253-0790

by placing the same in the U.S. Mail on this 4th day of June 2007.

Sincerely



Tony Fountain #182152
Staton Correctional Facility
P.O. Box 56, B1-93A
Elmore, Al. 36025

MONTGOMERY AL 361
05 JUN 2007 PM 1 L

Office of The Clerk
United States District Court
P.O. Box 711
Montgomery, Al. 36101-0711