IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Tony Fountain #152157
Plaintiff,

vs.

Dr. Peasant, et. al,
Defendants.

Case No.: 2:06-CV-548-M.H-T.

## OBJECTION TO MAGISTRATE JUDGE RECOMMENDATION OF MAY 13th, 2008

Comes, now Tony Fountain, by and through himself hereby Objects to Magistrate Judge Recommendation of May 13, 2008. And asserts the following facts in support of (t)his Objection to wit:

### Magistrate Act

1). Plaintiff Contends to the furthermost that his Claims of Violation of his Eight Amendment Rights and Deliberately Indifferent against Dr. Peasant and Warden, Forniss the subject of Magistrate Recommendation is not properly pending before this Court. Due in parts to facts that the prior Magistrate Judge, Hon. Susan Russ Walker acted outside of her Authority. when she decided to Entertain plaintiff Original

Filed Motion For an Emergency Injunction Filed on June 11, 2006. Plaintiff stress the point that such decision was in direct conflict with the United States Magistrate Act, 28 U.S.C.S. 636(b)(1)(A), that read in pertinent part:

> "a Judge may designate a Magistrate [Magistrate Judge] to hear and determine any pretrial matter pending before the court, Except a motion for injunction Relief."

Plaintiff contends that this matter was not properly referred to Magistrate Judge Susan Russ Walker. See Civil Investigative Demand No. 98-19 (1998, Ed. Va) 182 FRD 196, also see <u>United Steelworkers of America v. Bishop</u> (1979, CA5. Ala) 598 F.2d. 408.

2). And not only did the Magistrate acted outside of her authority in entertaining his motion for an Emergency Injunction, but when as far to decide a depositive matter, by ruling on plaintiff motion to proceed In Forma Pauperis Status in this case. Something the magistrate act don't allow without the consent of plaintiff. <u>Tripati v. Rison</u> 847 F.2d. 548 (CA9, 1988).

Plaintiff, maintain his argument that Magistrate Judge Susan Russ Walker, didn't have the Authority to Grant nor Deny his Motion to Proceed In Forma Pauperis Status without his consent. Ambrose 729 F.2d. at 1085; Alaniz, 690 F.2d. at 720; Prows v. Kistner 842 F.2d. 138 (5th Cir. 1988).

3). Plaintiff also asserts the facts that he submitted Interrogatories to Dr. Peasant, Dr. Miller and Dr. T.O. Bianchi, pursuant to Rule 33 of Fed. R. Civ. P. Along with a Request for Admisions pursuant to Rule 36(a),(b) Fed. R. Civ. P. In which when unanswer, never Ruled upon by the defendant Peasant or his Agents acting in direct concert with him. Therefore, his unanswer admision should have been admitted, pursuant Rule 36(a),(b) Fed. R. Civ. P.

### Plaintiff Denied Motion To Amend

4). Plaintiff stress the facts that on September 5th 2006 he filed a "Motion to Amend" this action and on October 11th 2006 his Motion to Amend was Denied as a whole. (See Doc. No. 35-1 page 1 of 3) Contrary to Magistrate Terry F Moorer Interpretation set fort in his Recommendation of May 13th 2008 (Doc. #65-1 page 1 of 6 foot note #2).

-3-

point being one (1) year and (7) seven months has past since the Court denied plaintiff motion to amend was filed and denied. First Sav. Bank, F.S.B. v. United States Bancorp (1998, DC Kan) 184 FRD 363. Plaintiff contends this court waited until the eleventh hour to grant plaintiff motion to amend, when it was convenience and necessary to do so. By attempting to interpert this Court earlier order denying my motion to amend (see Doc. # 35 1of3) to have read "To the extent plaintiff motion to amend, however, seeks to amend the complaint to include a claim for damages, the motion to amend the relief sought in this action shall be granted".

Plaintiff, contends this Court order of October 11th 2006 did not read such interpertation of the magistrate recommendation of May 13th 2008. (see Doc. # 65-1 page 1 of 16). Which would now, deprive plaintiff of his rights to procedural due process as was guaranteed by the fourteenth amendment to United States Constitution and Article I, § 6 of the Alabama Constitution of 1901. Exparte Weeks 611 So.2d. 259(Ala. 1992); Pike v. Southern Bell Telephone & Telegraph Co

-4-

263 Ala. 59, 81 So. 2d. 254 (1955). In other words plaintiff stress the fact that, had his motion to amend been properly decided/granted as the Magistrate so gently suggested in his Recommendation (see Doc. #65-1 page 1) plaintiff would have chosen a different course of argument. Supra Weeks.

### Opposition To Magistrate Recommendation on Deliberately Indifferent

Plaintiff, contends that Magistrate Judge was contrary to the law on what constitute Deliberately Indifferent. And the United States Supreme Court Held in the case of Helling v. McKenney 509 US 25, 113 S.Ct. 2475, 125 L.Ed.2d.22 (1993), That a prison inmate need not wait until the harm they suffer from the lack of medical attention is so egregiously as to independently shock the conscience. If the medical system provided inmates by the state presents a grave and immediate health danger to the physical well-being. Campbell v. Beto 460 F.2d. 765 at 768 (1972). Surely the symptoms plaintiff was complaining of seeing clots of blood in his stool was of a grave concern to plaintiff health and well-being. These type of symptoms are even known to a layed person to raise to the

-5-

of a serious need for medical attention. <u>Estelle v. Gamble</u> 429 US 97, 106 (1976). And had the defendants been make to answer the submitted interrogatories and Request for admisions filed by plaintiff, prior to this Magistrate Recommendation of May 13, 2008, it would have shown the two (2) polyps Removed from plaintiff colon was and is the direct cause of cancerous in nature. Supra. <u>Gamble</u>.

<u>Objection Concerning
Eye Care</u>

Plaintiff, maintain the same standard of medical care/attention applys to Eye care, and the defendants neglected to provide plaintiff with eyeglasses. Plaintiff asserts the facts that he were finally seen by an Eye doctor on or about March 2008 and was diagnose as being nearsighted. <u>Harris v. O'Grady</u> 807 F.Supp. 1361, 1366. And the facts that he was denied eyeglasses for two (2) years and was force to borrow another inmate eyeglasses inorder to initiate and complete my legal work pending before this Court, contrary to the Magistrate Recommendation of May 13, 2008. (Doc. # 65-1 page 4 of 16, footnote) Surely the borrowing of another inmate eyeglasses inorder to Read legal mail, letters from family's + friends, and writing was so shocking to public conscience. <u>Gamble</u> 429 US 97.

- 6 -

WHEREFORE, plaintiff, prays that (t)his objection be in all Respects "Granted" as Law and Justice Requires.

Done on 25th Day of May 2008.

*Tony Fountain, Pro Se*

## CERTIFICATE OF SERVICES

I, hereby, Certify, that I have served a true and correct copy, upon all parties to this action as addressed:

OFFICE OF ATTORNEY General
11th South Union Street
Montgomery, Al. 36130

to

Law Office
Porterfield, Harper, Mills & Motlow, P.A.
22 Inverness Center Parkway
Suite 600
P.O. Box 530790
Birmingham, Al. 35253-0790

by placing the same in the U.S. Mail (certified) on this 25th day of May 2008.

Sincerely

Tony Fountain #152157
Staton Correctional Facility
P.O. Box 56, B1-93A
Elmore, Al. 36025



OFFICE OF THE CLERK
United States District Court
P.O. Box 711
Montgomery, Al. 36101-0711